UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRECIOUS JONES,<br><br>                Plaintiff,<br><br>- v -<br><br>CHILDREN'S RESCUE FUND and DAVONA JAMES,<br><br>                Defendants. | Civil Action No.: 25-5620<br><br>**COMPLAINT**<br><br>*Jury Trial Demanded* |

Plaintiff Precious Jones ("Jones"), by and through her undersigned attorneys, brings this Complaint against Defendants Children's Rescue Fund and Davona James ("James"), and alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for disability discrimination and retaliation in violation of the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12101 *et seq.*, the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.*, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq.*

## JURISDICTION, VENUE, AND PROCEDURAL REQUIREMENTS

2. The Court has original jurisdiction over Jones's federal claims pursuant to 28 U.S.C. §§ 1331, 1343.

3. The Court has supplemental jurisdiction over Jones's state and city law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to the federal claims that they form part of the same case or controversy.

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred there.

5. All conditions precedent to filing the instant action have been fulfilled. On or about December 9, 2024, Jones submitted a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). On or about April 15, 2025, the EEOC issued Jones a Notice of Right to Sue, and this action is being brought within 90 days of Jones's receipt of the Notice of Right to Sue.

6. Within 10 days of the commencement of this action, Jones will provide notice of this action to the New York City Commission on Human Rights and Corporation counsel, pursuant to New York City Administrative Code § 8-502(c).

## PARTIES

7. Plaintiff Jones is a resident of the State of New York and former Recruitment Manager of Children's Rescue Fund.

8. At all relevant times, Jones was an "employee" of Defendants under all relevant statutes.

9. Children's Rescue Fund is a not-for-profit corporation registered in New York and permitted to do business in New York.

10. Children's Rescue Fund employed at least 15 employees throughout Jones's employment.

11. Children's Rescue Fund conducted business at 384 East 149th Street, Fourth Floor, Bronx, NY 10455, where it employed Jones.

12. Defendant James was at all relevant times employed by Children's Rescue Fund as its Assistant Vice President of Human Resources.

13. James had the ability to affect the terms and conditions of Jones's employment and did so by, among other things, assigning her work, overseeing her work, evaluating her

performance and providing feedback, and terminating her employment.

14. Upon information and belief, James resides in New York.

15. At all relevant times, Defendants were Jones's "employer" under all relevant statutes.

## FACTUAL BACKGROUND

16. Before joining the Children's Rescue Fund, Jones had over two decades of experience in non-profit operations and management, recruitment and workforce development, including extensive experience facilitating training and workshops.

17. In or about June 2024, Children's Rescue Fund offered Jones the position of Recruitment Manager.

18. Jones worked from Children's Rescue Fund's 384 East 149th Street, Fourth Floor, Bronx, NY 10455 location.

19. Jones succeeded in her role and received positive feedback based on her performance, including an email from James praising her for training her team and pushing them to meet Children's Rescue Fund's staffing goals. She also received praise from her coworkers for her leadership and positive impact on the recruitment team.

20. While Jones was employed by Children's Rescue Fund, she never received any criticism or negative feedback regarding her work performance.

21. When Jones began working at Children's Rescue Fund, in or around June 2024, she disclosed that she suffers from attention-deficit/hyperactivity disorder ("ADHD") to James.

22. Jones's ADHD substantially limits her ability to concentrate, think, and communicate.

23. Jones explained to James that rapid-fire questioning makes it difficult for her to

process information and respond without pausing.

24. James repeatedly mocked Jones's disability by making inappropriate comments about Jones's ADHD whenever Jones paused or requested clarification.

25. Approximately one week prior to Jones's termination, James stated, "Oh Precious, I think you're having an ADHD moment."

26. James would deliberately trigger Jones's ADHD symptoms by asking her rapid-fire questions when no witnesses were present, causing Jones to become flustered and embarrassed.

27. James' leadership position in HR deterred Jones from complaining about James's conduct.

28. Jones learned that James had an ongoing sexual relationship with Children's Rescue Fund's CEO, which increased Jones's fear of retaliation.

29. In August 2024, James informed Jones that Children's Rescue Fund was terminating her employment for an alleged policy violation.

30. James summarily terminated Jones's employment and refused to investigate the alleged policy violation despite evidence that no violation had occurred.

## FIRST CAUSE OF ACTION
**(Discrimination in Violation of the ADA)**
*Against Defendant Children's Rescue Fund*

31. Jones repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth here.

32. Defendant Children's Rescue Fund discriminated against Jones on the basis of her disability and request for a reasonable accommodation in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* Jones has suffered disparate treatment as a

result of Children's Rescue Fund's conduct.

33. Jones is a disabled individual under the ADA and was perceived by Children's Rescue Fund as being disabled, and she is therefore a member of a protected class.

34. Jones was qualified to work as a Recruitment Manager for Children's Rescue Fund and satisfactorily performed the duties required by that position.

35. Children's Rescue Fund subjected Jones to an adverse employment action because of her disability.

36. As a direct and proximate result of Children's Rescue Fund's unlawful employment practices, Jones has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

37. Defendant Children's Rescue Fund's conduct has been intentional, deliberate, willful, malicious, reckless, and conducted in callous disregard of the rights of Jones, entitling her to punitive damages.

**SECOND CAUSE OF ACTION**
**(Retaliation in Violation of the ADA)**
*Against Defendant Children's Rescue Fund*

38. Jones repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth here.

39. As set forth in detail above, Jones engaged in activity protected under the ADA by disclosing her disability and requesting accommodations.

40. Children's Rescue Fund was aware that Jones opposed unlawful conduct and/or asserted her rights under the ADA.

41. Children's Rescue Fund, unlawfully and without cause, retaliated against Jones as a direct result of Jones asserting her rights under the ADA as someone with disability or

perceived disability, and Jones suffered materially adverse employment actions as a result.

42. As a direct and proximate result of Children's Rescue Fund's unlawful employment practices, Jones has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

43. Children's Rescue Fund's conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Jones, entitling her to punitive damages.

44. Accordingly, Children's Rescue Fund retaliated against Jones in violation of her statutory rights as guaranteed by the ADA.

## THIRD CAUSE OF ACTION
### (Discrimination in Violation of the NYSHRL)
*Against All Defendants*

45. Jones repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth here.

46. The aforementioned facts and circumstances demonstrate that Defendants discriminated against Jones because she was a member of a protected class.

47. Jones is a member of a protected class under the NYSHRL and was perceived by Defendants as such.

48. Jones was qualified to work as a Recruitment Manager for Defendants and she satisfactorily performed the duties required by the position she held with Defendants.

49. As set forth in detail above and here, Defendants discriminated against Jones and subjected her to adverse employment actions.

50. As a direct and proximate result of the unlawful employment practices of Defendants, Jones has suffered and continues to suffer damages, including lost earnings, lost

benefits, other financial loss, and emotional distress.

51. Accordingly, Defendants discriminated against Jones because of her disability, in violation of her statutory rights as guaranteed by the NYSHRL.

## FOURTH CAUSE OF ACTION
### (Retaliation in Violation of the NYSHRL)
*Against All Defendants*

52. Jones repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth here.

53. As set forth in detail above, Jones engaged in activity protected under the NYSHRL.

54. Defendants retaliated by subjecting Jones to discrimination and adverse employment actions because of her protected activity in violation of Jones's statutory rights.

55. Defendants were aware that Jones opposed unlawful conduct and asserted her rights under the NYSHRL.

56. Jones has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

57. Accordingly, Defendants retaliated against Jones in violation of her statutory rights as guaranteed by the NYSHRL.

## FIFTH CAUSE OF ACTION
### (Discrimination in Violation of the NYCHRL)
*Against All Defendants*

58. Jones repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth here.

59. The aforementioned facts and circumstances demonstrate that Defendants discriminated against Jones because she was a member of a protected class.

60. Jones is a member of a protected class under the NYCHRL and was perceived by Defendants as such.

61. Jones was qualified to work as a Recruitment Manager for Defendants and she satisfactorily performed the duties required by the position she held with Defendants.

62. As set forth in detail above and here, Defendants discriminated against Jones in the terms and conditions of her employment by treating Jones less well than her similarly situated, non-disabled coworkers.

63. Defendants subjected Jones to adverse employment actions because of her disability.

64. As a direct and proximate result of the unlawful employment practices of Defendants, Jones has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

65. The conduct of Defendants has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Jones, entitling her to punitive damages.

66. Accordingly, Defendants discriminated against Jones because of her disability, in violation of her statutory rights as guaranteed by the NYCHRL.

## SIXTH CAUSE OF ACTION
**(Retaliation in Violation of the NYCHRL)**
*Against All Defendants*

67. Jones repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth here.

68. As set forth in detail above, Jones engaged in activity protected under the NYCHRL.

69. Defendants retaliated against Jones by treating her less well than similarly situated employees and subjecting her to discrimination and adverse employment actions because of her protected activity in violation of the NYCHRL.

70. Defendants were aware that Jones opposed unlawful conduct and/or asserted her rights under the NYCHRL.

71. Defendants, unlawfully and without cause, retaliated against Jones as a direct result of Jones asserting her rights and opposing unlawful conduct under the NYCHRL, which involved conduct reasonably likely to deter an individual from engaging in such protected activity.

72. As a direct and proximate result of Defendants' unlawful employment practices, Jones has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

73. The conduct of Defendants has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Jones, entitling her to punitive damages.

74. Accordingly, Defendants retaliated against Jones in violation of her statutory rights as guaranteed by the NYCHRL.

## SEVENTH CAUSE OF ACTION
**(Aiding and Abetting in Violation of the NYSHRL and NYCHRL)**
*Against Defendant James*

75. Jones repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth here.

76. Defendant James aided, abetted, incited, compelled, or coerced Children's Rescue Fund's unlawful conduct, including discrimination and retaliation, against Jones by her conduct,

action, and inaction, in violation of the NYSHRL and NYCHRL.

77. James was aware of her role as part of the unlawful activity and knowingly assisted Children's Rescue Fund in its violations of the NYSHRL and NYCHRL.

78. As a direct and proximate result of James's conduct, Jones has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

79. James's conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Jones, entitling her to punitive damages.

## **RELIEF**

Plaintiff Precious Jones demands judgment in her favor and against Defendants Children's Rescue Fund and Davona James as follows:

A. An award of damages against Defendants, in an amount to be determined at trial, plus prejudgment interest, to compensate Jones for all monetary and/or economic damages, including, but not limited to, past and future lost earnings;

B. An award of damages against Defendants, in an amount to be determined at trial, plus prejudgment interest, to compensate Jones for all non-monetary and/or compensatory damages, including, but not limited to, compensation for her emotional distress;

C. An award of punitive damages, in an amount to be determined at trial;

D. Prejudgment interest on all amounts due;

E. An award of Jones's reasonable attorneys' fees and costs to the fullest extent permitted by law; and

F. Such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff Precious Jones demands a trial by jury on all issues so triable of right.

Dated: July 8, 2025
       New York, New York

                                  **RISSMILLER PLLC**

                By:    */s/ Jazly Liriano*
                        Jazly Liriano
                        Alex Rissmiller
                        5 Pennsylvania Plaza, 19th Floor
                        New York, NY 10001
                        T: (646) 664-1412
                        jliriano@rissmiller.com
                        arissmiller@rissmiller.com

                        *Attorneys for Plaintiff Precious Jones*